Ms. Cathyrn E. Hinshaw, Executive Director Arkansas Fire and Police Pension Review Board P.O. Drawer 34164 Little Rock, AR 72203
Dear Ms. Hinshaw:
You have presented the following question for my opinion:
 Can the compliance mechanism of A.C.A. § 24-11-202 be used to compel compliance with A.C.A. § 24-11-810?[1]
RESPONSE
It is my opinion, as discussed more fully below, that the compliance mechanism of A.C.A. § 24-11-202 cannot be used to compel compliance with A.C.A. § 24-11-810. Although it appears that A.C.A. § 24-11-810 may contain, in effect, a similar mechanism for enforcing compliance with its requirements concerning the provision of certain information, it does not appear to contain a mechanism for compelling the type of compliance that you seek. Other available enforcement mechanisms must be relied upon.
You indicate that your question arises out of the fact that A.C.A. §24-11-810 was amended during the 2001 legislative session to provide for a new allocation method for rebating insurance tax back to the local pension funds. Under the new procedure, the distribution to participating funds is calculated on the basis of certain specified factors, including a legal description of the city, town, or fire protection district. The new provisions require that this legal description be based upon physical features of the area. A.C.A. § 24-11-810(a)(3)(A). The new provisions authorize UALR to determine the legal descriptions. A.C.A. §24-11-810(a)(4)(B). Accordingly, UALR has mapped all fire department coverage areas using identifiable physical features. You indicate that it has come to your attention that some fire departments are refusing to change their internal legal descriptions of their boundaries to comport with UALR's legal descriptions. As a result, these departments are not providing fire protection service to areas from which they are receiving tax funds. You would like to compel them to do so by using the mechanism set forth in A.C.A. § 24-11-202.
A.C.A. § 24-11-202 authorizes and directs the Executive Director of the Arkansas Fire and Police Pension Review Board to withhold all moneys otherwise due to a local fire or police pension fund that has not complied with the requirements of that subchapter. This section was originally enacted as a part of Act 700 of 1979. Acts 1979, No. 700, § 5. That Act was entitled: "An Act to Provide for Disclosure of Condition of Municipal Policemen's and Firemen's Pension Funds; and for Other Purposes." It set forth various reporting requirements to be fulfilled by the local funds. These reporting requirements pertain exclusively to fiscal matters, and do not include any reference to other information about the local funds. The provisions of that Act cannot, in my opinion, be construed to extend to the fire departments' compliance with the legal description requirements of A.C.A. § 24-11-810, which (as previously indicated) were enacted during the 2001 legislative session and are not encompassed in the subject matter of A.C.A. § 24-11-201 et seq.
Accordingly, I must conclude that the compliance mechanism of A.C.A. §24-11-202 does not contemplate enforcement of the requirements of A.C.A. § 24-11-810.
Although A.C.A. § 24-11-810 could be interpreted to permit a similar enforcement mechanism to compel a fire department to provide the Board with the required new legal description and other information that is required for the distribution calculation (by withholding certification of those departments that fail to provide this information), the statute does not appear to include any means of compelling fire departments to change their internal legal descriptions of their boundaries in accordance with a new mapping that has been provided by UALR. The statute does clearly mandate that fire departments make such changes, see A.C.A. § 24-11-810(a)(3)(B), but it does not provide a means of compelling them to do so. The provisions of the statute concerning the Board's certification of qualification to receive distributions indicate that the Board may have some discretion to withhold certification under certain circumstances, but these seem to be limited to situations in which a city, town, or fire department has not provided information that is necessary to perform the distribution calculation. In the situation you have described, where UALR has provided the new legal descriptions, it seems that the Board has been provided with the information that it needs in order to certify a particular distribution. There appear to be no grounds under A.C.A. § 24-11-810, therefore, on which the Board could base a decision to withhold its certification under those circumstances. Moreover, a department's internal description of its boundaries will have no impact upon the share of the distribution that it receives. Thus, the provisions of A.C.A. § 24-11-810 concerning the distribution can be carried out in full despite the fact that some departments have not changed their internal legal descriptions.
I note, however, that if, as a result of a fire department's failure to change its internal legal description, that department is failing to provide service to parts of what now constitutes its legal service area under UALR's new legal description, this failure will constitute not only a violation of the mandate in A.C.A. § 24-11-810 to change the department's legal description, but also may constitute a violation of other laws as well, including the laws under which the department was organized and is governed. Moreover, the fact that such a department is receiving tax funds that were provided by taxpayers in an area to which the department is not providing fire protection service, as contemplated by its participation in the distribution, the department may be violating Article 16, § 13 (prohibiting illegal exactions), as well. There are mechanisms available other than those established in A.C.A. § 24-11-202
or -810 for enforcing the various violations that may be taking place. These other mechanisms must be relied upon, in consultation with counsel, in order to compel fire departments to change their internal legal descriptions, as required by A.C.A. § 24-11-810(a)(3)(B).
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
[1] Your letter requesting my opinion actually referred to A.C.A. §24-11-302, rather than A.C.A. § 24-11-810. However, you indicate that your concern is with compelling the compliance of fire departments. Because fire departments are governed by the provisions of A.C.A. §24-11-810 rather than the parallel provisions of A.C.A. § 24-11-302
(governing police departments), I will discuss compliance with A.C.A. §24-11-810.